UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| Vineyard Vines, LLC, </br>    Plaintiff/Counterclaim-Defendant </br>v. </br>Carolina Moon Graphics, LLC, </br>dba Moon Street USA, </br>    Defendant/Counterclaim-Plaintiff | Case No. 17-cv-242 |

## STIPULATED CONFIDENTIALITY AGREEMENT
## AND PROTECTIVE ORDER

WHEREAS, the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action.

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective successors and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – will adhere to the following terms, upon pain of contempt:

IT IS HEREBY ORDERED THAT:

1. With respect to "Discovery Material" (i.e. information of any kind produced or disclosed in the course of discovery in this action) that a Party or nonparty has designated as "CONFIDENTIAL" or "CONFIDENTIAL/ATTORNEYS' EYES ONLY" ("Designated Discovery Material" or "Confidential Information") pursuant to this Order, no person subject to this Order may disclose such Discovery Material to anyone else except as this Order expressly permits.

2. This order (the "Order" or "Protective Order") shall apply to all information, documents and things designated CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY by a Party or nonparty as provided in this Protective Order.

3. Discovery Material shall be designated "CONFIDENTIAL" or "CONFIDENTIAL/ATTORNEYS' EYES ONLY" by identifying and labeling such information CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY in a manner that will not interfere with legibility or audibility:

   a. A Party and/or nonparty may designate information or material CONFIDENTIAL only if it, in concurrence with its counsel, if it has counsel, in good faith believes the information to constitute, contain, reveal or reflect proprietary or confidential financial, business, technical, personnel, or related information. A Party and/or nonparty may designate information or material CONFIDENTIAL/ATTORNEYS' EYES ONLY only if it, in concurrence with its counsel, if it has counsel, in good faith believes the information to constitute, contain, reveal or reflect proprietary, confidential or trade secret information of an extremely sensitive nature.

   b. In the case of information or material disclosed in these proceedings or disclosed as a result of discovery, the producing entity shall identify and mark Designated Discovery Material at the time when an affidavit, pleading or memoranda is served, when a discovery

response is served, when a copy of a document is provided, or at the time of the inspection of the premises or thing.

      c.      In the case of a deposition transcript, the designating entity shall advise counsel of the specific pages and exhibits to be maintained in confidence within fourteen (14) calendar days after its actual receipt of the transcript. The Party or nonparty asserting confidentiality shall mark the specific pages and exhibits so designated CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY and shall send a list and/or copy of such designated pages to the Parties and the Court Reporter who shall conform all copies of the material in their possession to reflect such confidentiality designation and shall re-bind separately those portions of the testimony and/or exhibits designated as Confidential Information and shall mark the face of the separately bound transcript containing such confidential testimony and/or exhibits CONFIDENTIAL PURSUANT TO COURT ORDER or CONFIDENTIAL PURSUANT TO COURT ORDER – ATTORNEYS' EYES ONLY, as appropriate.

A Party or nonparty deponent may also designate testimony or exhibits as Designated Discovery Material during a deposition or hearing by so stating on the record either at the commencement of the proceeding or at any time during the proceeding, in which event all persons who are not entitled to be privy to the Designated Discovery Material pursuant to Paragraph 5 hereof shall be excluded from those portions of the proceeding at which such information is disclosed. In the event that testimony or exhibits are designated as Designated Discovery Material during a proceeding, the Court Reporter shall transcribe separately and bind separately those portions of the testimony and/or exhibits designated as Confidential Information and shall mark the face of the separately bound transcript containing such confidential testimony

LEGAL02/37527981v1

and/or exhibits CONFIDENTIAL PURSUANT TO COURT ORDER or CONFIDENTIAL PURSUANT TO COURT ORDER – ATTORNEYS' EYES ONLY, as appropriate.

4. Inadvertent failure to designate Discovery Material as CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY prior to disclosure, production or response will not prevent a subsequent designation by letter promptly sent after discovery of such inadvertent failure, provided that any disclosure made by the receiving entity prior to receipt of the letter shall not be a violation of this Protective Order.

5. Until and unless the Court rules that any material so identified as CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY is not, in fact, confidential and may be disclosed beyond the limits permitted by this Protective Order, access, copying or dissemination of information, documents and things so identified shall:

a. with respect to Discovery Material identified as CONFIDENTIAL, be limited to:

(i) outside counsel of record and their partners, associates and of counsel attorneys, and outside counsel of record's vendors, service providers (such as copy service providers and document management consultants) and employees who are not also employees of the Parties or their affiliates, including stenographic, clerical and paralegal employees, whose functions require access to such Confidential Information;

(ii) Actual or potential independent technical, financial or legal experts or consultants and their clerical personnel who are not employees of the Parties or their affiliates and are not affiliated with any enterprise that is in a position to commercially exploit the Designated Discovery Material and whose advice, consultation and/or testimony are being or will be used by the Parties in connection with preparation for trial of this action and/or any motions or appeals connected with this action, and who have

4
LEGAL02/37527981v1

signed an undertaking (substantially in the form of Exhibit A attached hereto), which shall be maintained by counsel of record making the disclosure to such individual;

(iii) this Court, including any appellate court, its support personnel, court reporters, stenographers and videographers engaged to record or transcribe depositions or proceedings in this action;

(iv) Up to and including three (3) designated employees of each of the Parties to the extent reasonably necessary for the litigation of this action, except that either Party may in good faith request the other Party's consent to designate one or more additional employees, the other party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional employee(s) if the requesting party believes the other Party has unreasonably withheld such consent. Solely for purposes of this Order, Carolyn Nye will be considered a designated employee of Carolina Moon Graphics, LLC; and

(v) the General Counsel of each Party to this action and any other person that the Parties hereto and, if appropriate, the designating nonparty, agree to in writing.

b. with respect to Discovery Material identified as CONFIDENTIAL/ATTORNEYS EYES ONLY, be limited to the persons referenced in Paragraphs 5(a)(i), (ii), and (iii).

c. Any person to whom disclosure will be made pursuant to Paragraphs 5(a)(ii), 5(a)(iv), or 5(a)(v), and 5(b) by its reference to 5(a)(ii) of this Protective Order shall be given in advance a copy of this Protective Order and shall acknowledge that he or she is subject to the terms of this Protective Order by executing the recital in the form attached here as Exhibit A. Counsel for each Party shall maintain copies of executed recitals with respect to all persons to whom counsel has disclosed or exhibited any Confidential Information.

6. (a) Absent Court order, Designated Discovery Material shall not be made public by a Party or witness to whom it is disclosed, unless it becomes a part of the public record of this action. All Designated Discovery Material shall be filed under seal pursuant to the Court's individual practices and shall be kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal.

(b) The Court also retains discretion whether to afford confidential treatment to any information or material designated as Confidential Information and submitted to the Court in connection with any motion, application or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any information or material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential Information.

(c) Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with this Court's individual practices.

(d) Any Party who requests additional limits on disclosure may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with this Court's individual practices.

LEGAL02/37527981v1

7. Recipients of Designated Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

8. This Protective Order shall not foreclose any of the Parties from moving this Court for an order that Designated Discovery Materials are, in fact, not within the scope of protection afforded by Rule 26(c) of the Federal Rules of Civil Procedure or that Confidential Information designated as CONFIDENTIAL/ATTORNEYS' EYES ONLY should be reclassified as CONFIDENTIAL only or that materials voluntarily disclosed by a Party or nonparty in these proceedings should not be subject to the protections of this Protective Order. In addition to service on the Parties, a copy of any such motion shall be served on any nonparty who designated the materials at issue as Designated Discovery Materials, and such nonparty shall have standing to oppose such motion before the Court. On such motion, the entity asserting confidentiality shall have the burden of proving that the material in question is within the scope of protection afforded by Rule 26(c) of the Federal Rules of Civil Procedure and/or that disclosure of the material should be restricted. Nothing contained herein shall preclude a Party or nonparty from:

(a) using or disseminating its own Designated Discovery Materials in any way;

(b) disclosing information taken from a document marked CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY to any person who on the face of that document is shown as having previously reviewed the document;

LEGAL02/37527981v1

(c)     waiving any provision in this Protective Order with respect to any Designated Discovery Material designated by it without further order of the Court; or

(d)     disclosing information which, at the time of disclosure:

(i)     becomes part of the public domain through no fault of a receiving Party, as evidenced by a written document;

(ii)    the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

(iii)   the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

9.      This Protective Order shall not prevent any of the Parties or nonparties from applying to the Court for relief here or from applying to the Court for further or additional protective orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court.

10.     Subject to the limitations of this Protective Order, Designated Discovery Material may be used during discovery, during any motion hearings, at the trial of this action, or in support of or in opposition to any motions in this action subject to the Federal Rules of Evidence and subject to any further order as this Court may enter, and may be used to prepare for discovery and/or trial and/or any motions in this action, but may not be used for any other business, commercial, or competitive purpose or in any other litigation proceeding; provided, however, that those portions of such testimony, evidence and motion papers containing Confidential Information shall also be considered Confidential Information subject to the strictures of this Protective Order and must be filed with the Clerk of this Court in accordance

with Paragraph 6 of this Protective Order. When Confidential Information or other documents containing such information are presented, quoted or referenced in any hearing, trial or other proceeding, counsel of record for the offering Party shall make arrangements or, when appropriate, request that the Court make arrangements, to ensure that, consistent with applicable legal restraints, only persons entitled to receive Confidential Information are present during such presentation, quotation or reference.

11. In the event that a Party shall desire to provide access to Designated Discovery Material hereunder to any person or category of persons not included in Paragraph 4 hereof, it shall move this Court for an order that such person or category of persons may be given access to the Designated Discovery Material. In the event that the motion is granted, such person or category of persons may have access to the Designated Discovery Material provided that such person or persons have agreed in writing, before such access is given, to be bound by the terms of this Protective Order.

12. Within 60 days of the final disposition of this action – including all appeals – all recipients of Designated Discovery Material must either return the Designated Discovery Material – including all copies thereof – to the producing Party or nonparty, or, upon permission of the producing Party or nonparty, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the producing Party or nonparty that affirms that it has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Designated Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain archival copies of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product,

9

LEGAL02/37527981v1

even if such materials contain Designated Discovery Material. Any such archival copies that contain or constitute Designated Discovery Material remain subject to this Protective Order.

13. Inadvertent production of any document, thing or other information during discovery in this action shall be without prejudice to any claim that such material is privileged in any way or protected from discovery as attorney work-product, and no Party or nonparty shall be held to have waived any rights by such inadvertent production. The producing entity shall assert any such privilege or work-product claim promptly upon discovery of its inadvertent production by notifying the recipient of the document of its claim either in writing or orally at a deposition or other hearing of record. Upon receipt of such notice, the recipient shall return all copies of the document or information to the producing entity. Such document or information shall not be introduced into evidence in this or any other proceeding by any person without consent of the producing entity or by order of the Court, nor will such document or information be subject to production in any other proceeding by virtue of the fact that it was inadvertently produced in this proceeding.

14. In the event that a Party or nonparty receives a discovery request, subpoena, order or other form of compulsory process requiring that it (the "subpoenaed person") produce Designated Discovery Material, the subpoenaed person shall promptly notify the designating Party or nonparty of the demand. If the designating Party or nonparty elects to resist production of the materials, it shall promptly so notify the subpoenaed person and the latter shall cooperate in affording the designating Party or nonparty the opportunity to oppose or limit production of the materials; provided that the designating Party or nonparty shall bear all expenses, including attorneys' fees, incurred by the subpoenaed person in connection therewith.

15. Nothing in this Order shall prevent any court reporter, videographic reporter,

mediator, or their employees, or the Court, any employee of the Court or any juror from reviewing any evidence in this case for the purpose of these proceedings. Further, nothing in this Order shall impact one way or another on the admissibility of any document or other evidence at any hearing or at trial.

16. This Protective Order shall not bar any attorney of record in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of Designated Discovery Material produced or exchanged in this action where such information is material to the scope of the attorney's representation of his or her client. However, in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any CONFIDENTIAL or CONFIDENTIAL/FOR ATTORNEYS' EYES ONLY information produced by another party where that disclosure would be contrary to the terms of this Protective Order.

17. This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Information is produced or disclosed.

18. This Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED, AGREED AND ENTRY REQUESTED:

*/s/ Larry C. Jones*
Larry C. Jones
ALSTON & BIRD LLP
101 S. Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Tel: (704) 444-1019
E-mail: Larry.Jones@Alston.com

*/s/ Benjamin F. Sidbury*
Benjamin F. Sidbury
BRYAN CAVE LLP
301 S. College Street, Suite 3900
Charlotte, NC 28202
Tel: (704) 749-8999
E-mail: ben.sidbury@bryancave.com

Attorneys for Plaintiff/Counterclaim-Defendant,
Vineyard Vines, LLC

Attorneys for Defendant/Counterclaim-Plaintiff,
Carolina Moon Graphics, LLC
dba Moon Street USA

Dated: August 31, 2017

*Robert T Numbers II* (signature)

Robert T. Numbers, II
United States Magistrate Judge

LEGAL02/37527981v1

# Exhibit A

1. I, _____, have read the foregoing Protective Order governing treatment of Confidential Information, dated _____, 2017, and agree to be bound by its terms with respect to any information, documents or materials designated by the parties and/or nonparties as CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY that are furnished to me as set forth in the Protective Order.

2. I further agree (a) not to disclose to anyone information, documents or materials designated by the parties and/or nonparties as CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY other than as set forth in the Protective Order; and (b) not to make any copies of any information, documents or materials designated by the parties and/or nonparties as CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY furnished to me except in accordance with the Protective Order.

3. I hereby consent to the jurisdiction of the United States District Court for the Eastern District of North Carolina with respect to any proceedings to enforce the terms of the Protective Order, and I understand that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

4. I hereby agree that any information, documents or materials designated by the parties and/or nonparties as CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY furnished to me will be used by me only for the purposes of the action entitled *Vineyard Vines, LLC v. Carolina Moon Graphics, LLC*, Case No. 17-cv-242, pending in the United States District Court for the Eastern District of North Carolina, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own or be imparted by me to any other person.

Dated this the ___ day of _____, 201_   By: _____
                                                                                                                 *[Signature]*

                                                                                                                 _____
                                                                                                                 *[Printed Name]*

LEGAL02/37527981v1